**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| David L. McAnally, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT

Plaintiff the United States of America alleges the following for its Complaint against Defendant David L. McAnally:

1. This is a civil action in which the United States seeks to:

    a. reduce to judgment 26 U.S.C. § 6672 liabilities assessed against David L. McAnally as a responsible officer of Fusion Entertainment, Inc., for the quarterly tax periods ending June 30, 2011, through December 31, 2011; and

    b. reduce to judgment 26 U.S.C. § 6672 liabilities assessed against David L. McAnally as a responsible officer of Latino Media Group, Inc., for the quarterly tax periods ending June 30, 2011, through December 31, 2011.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

1

**Jurisdiction and Venue**

3.   The Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

**Parties**

5.   Plaintiff is the United States of America.

6.   Defendant David L. McAnally resides in Scott County, Iowa, within this judicial district.

**Count I: Reduce to Judgment 26 U.S.C. § 6672 Liabilities Assessed against David L. McAnally as a Responsible Officer for Fusion Entertainment, Inc.**

7.   The United States incorporates by reference the allegations set forth in paragraphs 1 through 6 above.

8.   Defendant David L. McAnally served as the Director and Registered Agent of Fusion Entertainment, Inc., a/k/a Fusion Communications, Inc. ("Fusion").

9.   During the quarterly tax periods ending June 30, 2011, September 30, 2011, and December 31, 2011, Fusion had employees.

10.   During the quarterly tax periods ending June 30, 2011, September 30, 2011, and December 31, 2011, Fusion was required by law to withhold federal income tax and Federal Insurance Contribution Act ("FICA") taxes from its employees' wages and to pay these withholdings over to the United States. *See* 26 U.S.C. §§ 3102 and 3402.

11. Fusion failed to pay these withholdings over to the United States for the tax periods ending June 30, 2011, September 30, 2011, and December 31, 2011, despite its requirement to do so.

12. The persons responsible for collecting, accounting for, or paying these withheld taxes over to the United States, who willfully fail to do so, are liable for a penalty in the amount of the tax withheld but not paid over. *See* 26 U.S.C. § 6672.

13. David L. McAnally was an authorized signatory on Fusion's checking accounts and routinely signed checks on those accounts.

14. During the tax periods referred to in paragraph 11 above, David L. McAnally knew that the federal income taxes and FICA taxes that Fusion withheld from employees' wages were not being paid to the United States.

15. Despite having knowledge of the unpaid taxes, David L. McAnally signed checks and/or authorized payments on behalf of Fusion to pay other expenses.

16. On the dates, for the tax periods, and in the amounts set forth in the chart below, a delegate of the Secretary of Treasury assessed 26 U.S.C. § 6672 liabilities against David L. McAnally. The unpaid balance of these 26 U.S.C. § 6672 liabilities, through March 1, 2022, which includes interest, statutory additions, and any credits or payments, is shown below:

| Tax Period Ending | Date of Assessment | Amount of § 6672 Penalty Assessed | Unpaid Balance as of March 1, 2022 |
|---|---|---|---|
| 06/30/2011 | 04/23/2012 | $35,195.19 | $39,432.93 |
| 09/30/2011 | 04/23/2012 | $35,813.97 | $51,617.33 |
| 12/31/2011 | 09/17/2012 | $37,435.47 | $53,308.05 |
| Total Unpaid Balance as of March 1, 2022 | | | **$144,358.31** |

17. The assessments listed in paragraph 16 were made in accordance with law.

18. The Internal Revenue Service sent David L. McAnally notices of the assessments and demands for payment on or about the date of each assessment.

19. Despite the notices and demands for payment, David L. McAnally failed to fully pay the 26 U.S.C. § 6672 liabilities listed in paragraph 16 above.

20. By reason of the foregoing, David L. McAnally is indebted to the United States in the total amount of $144,358.31, plus interest and statutory additions that have and will continue to accrue from March 1, 2022, until the liabilities are paid in full.

WHEREFORE, the United States respectfully requests that this Court enter judgment on Count I of this Complaint in favor of the United States and against Defendant David L. McAnally as follows:

A. That the Court enter a money judgment in favor of the United States and against David L. McAnally in the amount of $144,358.31, plus interest and other statutory additions that have accrued and will accrue after March 1, 2022; and

B. That the Court grant the United States such other and further relief as it deems proper, including awarding the costs and expenses incurred in bringing this lawsuit.

4

**Count II: Reduce to Judgment 26 U.S.C. § 6672 Liabilities Assessed against David L. McAnally as a Responsible Officer for Latino Media Group, Inc.**

21. The United States incorporates by reference the allegations set forth in paragraphs 1 through 6 above.

22. Defendant David L. McAnally served as the President and Director of Latino Media Group, Inc. ("LMG").

23. During the quarterly tax periods ending June 30, 2011, September 30, 2011, and December 31, 2011, LMG had employees.

24. During the quarterly tax periods ending June 30, 2011, September 30, 2011, and December 31, 2011, LMG was required by law to withhold federal income tax and FICA taxes from its employees' wages and to pay these withholdings over to the United States. *See* 26 U.S.C. §§ 3102 and 3402.

25. LMG failed to pay these withholdings over to the United States for the tax periods ending June 30, 2011, September 30, 2011, and December 31, 2011, despite its requirement to do so.

26. David L. McAnally was an authorized signatory on LMG's checking accounts and routinely signed checks on those accounts.

27. During the tax periods referred to in paragraph 25, above, David L. McAnally knew that the federal income taxes and FICA taxes that LMG withheld from employees' wages were not being paid to the United States.

28. Despite having knowledge of the unpaid taxes, David L. McAnally signed checks and/or authorized payments on behalf of LMG to pay other expenses.

29. On the dates, for the tax periods, and in the amounts set forth in the chart below, a delegate of the Secretary of Treasury assessed 26 U.S.C. § 6672 liabilities against David L. McAnally. The unpaid balance of these 26 U.S.C. § 6672 liabilities, through March 1, 2022, which includes interest, statutory additions, and any credits or payments, is shown below:

| Tax Period Ending | Date of Assessment | Amount of § 6672 Penalty Assessed | Unpaid Balance as of March 1, 2022 |
|---|---|---|---|
| 06/30/2011 | 03/18/2013 | $39,369.18 | $51,508.11 |
| 09/30/2011 | 03/18/2013 | $40,122.00 | $56,286.89 |
| 12/31/2011 | 03/18/2013 | $40,945.39 | $57,461.97 |
| Total Unpaid Balance as of March 1, 2022 | | | **$165,256.97** |

30. The assessments listed in paragraph 29 were made in accordance with law.

31. The Internal Revenue Service sent David L. McAnally notices of the assessments and demands for payment on or about the date of each assessment.

32. Despite the notices and demands for payment, David L. McAnally failed to fully pay the 26 U.S.C. § 6672 liabilities listed in paragraph 29 above.

33. By reason of the foregoing, David L. McAnally is indebted to the United States in the total amount of $165,256.97, plus interest and statutory additions that have and will continue to accrue from March 1, 2022, until the liabilities are paid in full.

WHEREFORE, the United States respectfully requests that this Court enter judgment on Count II of this Complaint in favor of the United States and against Defendant David L. McAnally as follows:

A.      That the Court enter a money judgment in favor of the United States and against the Watsons in the amount of $165,256.97, plus interest and other statutory additions that have accrued and will accrue after March 1, 2022; and

B.      That the Court grant the United States such other and further relief as it deems proper, including awarding the costs and expenses incurred in bringing this lawsuit.

Dated: April 14, 2022                    Respectfully submitted,

RICHARD D. WESTPHAL
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Elizabeth A. Kirby*
ELIZABETH A. KIRBY
Texas Bar No. 24104199
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: 202-305-8656
Facsimile: 202-514-6770
Email: elizabeth.a.kirby@usdoj.gov

WILLIAM CHANG
D.C. Bar No. 1030057
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: 202-307-1927
Facsimile: 202-514-6770
William.Chang3@usdoj.gov